*For reversal*—Chief Justice RABNER and Justices LaVECCHIA, PATTERSON, FERNANDEZ–VINA, Judges RODRÍGUEZ (temporarily assigned) and CUFF (temporarily assigned)—6.

*Opposed*—None.

*Not Participating*—Justice ALBIN.

94 A.3d 905

IN THE MATTER OF LAWRENCE R. PINCK, AN ATTORNEY AT LAW (ATTORNEY NO. 027171980).

July 23, 2014.

## ORDER

This matter have been duly presented to the Court pursuant to *Rule* 1:20–10(b), following the granting of a motion for discipline

by consent in DRB 14–045 of **LAWRENCE R. PINCK,** formerly of **CLIFTON,** who was admitted to the bar of this State in 1980;

And the Office of Attorney Ethics and respondent having signed a stipulation of discipline by consent in which it was. agreed that respondent violated *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to communicate with the client), *RPC* 1.16(d) (failure to take steps to protect the client's interests upon termination of representation), *RPC* 1.17(c)(2) (failure to provide written advance notice to clients of the sale of a law practice and to obtain the client's consent to new representation), *RPC* 1.17(c)(3) (failure to cause the announcement or notice of the purchase and transfer of the law firm to be published thirty days in advance, contrary to *RPC* 8.4(a)), *RPC* 1.17(d) (fees charged to clients shall not be increased by reason of the sale of the law practice) and *RPC* 8.4(a) (violating or attempting to violate the *Rules of Professional Conduct,* knowingly assist or induce another to do so or do so through the acts of another);

And the parties having agreed that respondent's conduct violated *RPC* 1.1(a), *RPC* 1.1(b), *RPC* 1.3, *RPC* 1.4(b), *RPC* 1.16(d), *RPC* 1.17(c)(2), *RPC* 1.17(c)(3), *RPC* 1.17(d), and *RPC* 8.4(a), and that said conduct warrants a three-month suspension from practice or lesser discipline;

And the Disciplinary Review Board having determined to dismiss the charged violation of *RPC* 1.17(d);

And the Disciplinary Review Board having determined that a three-month suspension from practice is the appropriate discipline for respondent's unethical conduct and having granted the motion for discipline by consent in. District Docket Nos. XIV–2013–0253E, 0254E, 0255E, 0256E, 0257E, 0258E, 0290E, 0291E, 0292E, 0293E, 0294E, 0925E, 0926E, 0339E, 0404E, and 0501E;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20–16(e);

And good cause appearing;

It is ORDERED that **LAWRENCE R. PINCK,** formerly of **CLIFTON,** is hereby suspended from the practice of law for period of three months, effective August 16, 2014, and until respondent satisfies the fee arbitration determinations and pays the sanction as ordered by the Court on July 17, 2014 (D–90–13; 074118), and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.